Thomas E. PEREZ, Plaintiff,

v.

**CITY NATIONAL CORPORATION, et al., Defendants.**

CV 15–03084 TJH (JCx)

United States District Court, C.D. California, Western Division.

Signed February 8, 2017

Charles C. Song, Daniel J. Chasek, Grace A. Kim, Natalie A. Nardecchia, US Department of Labor Office of the Solicitor, Los Angeles, CA, Evan H. Nordby, US Department of Labor Office of the Solicitor, Seattle, WA, Danielle L. Jaberg, US Department of Labor Office of the Solicitor, San Francisco, CA, for Plaintiff.

Brian David Boyle, Shannon M. Barrett, O'Melveny and Myers LLP, Washington, DC, Catalina J. Vergara, Christopher Brendan Craig, O'Melveny and Myers LLP, Los Angeles, CA, for Defendants.

## Order and Judgment

[NOJS–6]

Terry J. Hatter, Jr., Senior United States District Judge

The Court has considered the cross motions for partial summary judgment as to damages and Plaintiff Secretary of Labor Thomas E. Perez's ["the Secretary"] motion to strike declarations and exhibits submitted by Defendants City National Corporation, *et al.* ["City National"] in support of City National's motion for partial summary judgment as to damages, together with moving and opposing papers.

On April 5, 2016, the Court granted the Secretary's motion for partial summary judgment as to liability. The Court held that City National had violated the Employee Retirement Income Securities Act of 1974 ["ERISA"], 29 U.S.C. §§ 1001–1191c, which requires ERISA fiduciaries to act prudently, and prohibits ERISA fiduciaries from self-dealing. The Court held that City National violated those provisions in the management of the City National Corporation Profit Sharing Plan ["the Plan"]. The Court rejected City National's argument that the Secretary's claims were barred by the statute limitations. The Court, also, held that City National had failed to provide sufficient evidence of direct expenses to the Plan because the evidence was based merely on "estimates and averages." The Court made clear that only evidence demonstrating expenses actually incurred by the Plan would be sufficient to demonstrate costs to the Plan.

The Court ordered "that City National, with the assistance of an independent fiduciary, perform an accounting of all of the compensation it received, in the form of mutual fund revenue for the Plan, plus lost opportunity cost" [the "Accounting"]. On August 15, 2016, Defendants filed the Accounting. The Accounting concluded that the compensation from the Plan for its service provider work between 2006 and 2012 was $8,185,596.13, when the Plan's rate of return was applied, and $6,061,101.19, when the Voluntary Fiduciary Correction Program ["VFCP"] rate of return was applied.

The Secretary is seeking damages in the amount of $7,367,382.13—based on a gross amount of $8,185,596.13 less certain offsets requested by City National that the Secretary does not oppose. City National, however, suggests that the Secretary is entitled to recover nothing or, in the alternative, a maximum amount of $1,129,832.00.

As the moving party with the burden of proof at trial, the Secretary has the initial burden on his motion for partial summary judgment to establish a *prima facie* case as to the amount of damages. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the Secretary satisfies this burden, the burden will then shift to City National to introduce

evidence sufficient to raise a triable issue to avoid the entry of summary judgment against it. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. As to City National's motion, it has the initial burden of merely pointing out to the Court that the Secretary cannot establish a *prima facie* case. *See Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. By stating that the Secretary is not entitled to damages, City National has met its initial burden. Thus, the burden on City National's motion for partial summary judgment shifts to the Secretary to establish, with admissible evidence, a *prima facie* case as to his damages. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Accordingly, the burden on both cross motions is now on the Secretary to establish a *prima facie* case as to his damages.

■ The measure of damages in cases where, as here, an ERISA fiduciary breached its duties is the "entire cost" of the prohibited transaction. *Kim v. Fujikawa*, 871 F.2d 1427, 1431 (9th Cir. 1989). The gross amount of damages sought by the Secretary—$8,185,596.13—is based on the Accounting and is dependant upon the Court determining that the appropriate rate of return for lost opportunity costs was the Plan's rate of return, as opposed to the VFCP rate of return.

■ The VFCP rate of return uses the rate found at Internal Revenue Code § 6621. Generally, the rate of return proscribed in 28 U.S.C. § 1961 is applied to prejudgment interest, "unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007). " 'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Blankenship*, 486 F.3d at 628. "The Court may compensate a plaintiff the losses he incurred as a result of [the defendant's] nonpayment of benefits." *Blankenship*, 486 F.3d at 628 (quotations omitted, alterations in original).

■ Here, the Plan's rate of return, which reflects the fluctuation of the Plan during the relevant time period, is more likely to compensate the Secretary—and, ultimately, the Plan's beneficiaries—for the losses that occurred as a result of City National's self-dealing. *See Blankenship*, 486 F.3d at 628. Further, City National's self-dealing continued for ten years, and stopped only after a third party identified the scheme. Given this background, it would be inapposite to apply the VFCP rate, which, as is evident from its name, is intended for *voluntary* corrections of fiduciary violations. City National, relying on *Blankenship*, argued that the rate proscribed by 28 U.S.C. § 1961 must be applied. The Court disagrees for two reasons. First, as noted, substantial evidence supports applying a higher rate. *See Blankenship*, 486 F.3d at 628. Second, applying the rate proscribed in § 1961 would effectively place City National, an uncooperative breaching fiduciary, in a better position than a breaching fiduciary that sought to voluntarily correct its violations by applying the VFCP rate. Consequently, based on the equities, the Plan rate of return is the appropriate rate of return to apply here.

Accordingly, the Secretary has established a *prima facie* case that it is entitled to recover damages of $8,185,596.13. The burden, now, shifts to City National Bank to establish a triable issue of fact to avoid entry of summary judgment as to damages.

Generally speaking, City National does not dispute the data or methodology used in the Accounting. Rather, City National objects to the exclusion of data relating to

"revenue sharing actually retained by [City National] as compensation for Plan services." Further, City National has not shown that any of the expenses that it asserts should have been included in the Accounting were actually incurred by the Plan.

 City National, as the breaching fiduciary, is entitled to offsets for certain items from the entire cost of the prohibited transaction only if it demonstrates that those items benefitted the Plan. *See Kim*, 871 F.2d at 1431. All doubts as to damages must be resolved in favor of the Secretary. *See Kim*, 871 F.2d at 1431. The resolution of doubts in favor of the Secretary "avoids the unfair result of depriving the [Secretary] of any recovery simply because the defendants have made it difficult to disentangle the prohibited transaction." *See Kim*, 871 F.2d at 1430–31 (quotations and alterations omitted). Other than for the offsets unopposed by the Secretary, City National failed to provide evidence that its requested offsets were actually incurred by the Plan. Instead, City National's proposed offsets were based on estimates or averages.

City National, also, asserted that damages are zero because the Plan did not incur a loss. Placing aside the lack of an evidentiary basis for this position, *Kim* clearly resolved this issue in the Secretary's favor. City National, as the breaching fiduciary, is liable for the "entire cost" of the prohibited transaction—not merely for any losses incurred. *See Kim*, 871 F.2d at 1431.

From the gross amount of $8,185,596.13, the Secretary does not oppose three offsets: $241,600.00 for a third party audit of the Plan conducted by KPMG; $37,712.00 for prospectus delivery fees; and $538,902.00 for previously rebated mutual fund revenue compensated between November 24, 2008, and December 14, 2011.

As to the KPMG audit, City National argued that the proper offset amount should be $274,100.00, rather than $241,600.00. The higher amount included the costs of an audit for the year 2005. As the Secretary points out, however, the relevant time period of the investigation was 2006 to 2012, and an audit of 2005 data, even if paid in 2006, was outside the scope of the relevant time period. Nevertheless, the audit of the 2005 data appears to have been conducted and paid for in 2006—raising some question as to whether payment for the audit of 2005 data should be included within the 2006 to 2012 scope. Because all doubts must be resolved in favor of the Secretary, City National should not be entitled to an offset for the higher amount. *See Kim*, 871 F.2d at 1431.

City National, further, challenges the Accounting's calculations by arguing that the Accounting failed to "review all relevant damages evidence, including evidence of proper offsets for [City National's] ... revenue sharing rebates and third party expenses." As noted above, no evidence that expenses were actually incurred has been presented to the Court. Accordingly, City National failed to establish the existence of a triable issue that would defeat entry of summary judgment as to damages in favor of the Secretary.

Finally, City National raised three affirmative defenses: (1) it is not liable for at least some of the prohibited transactions pursuant to PTE 77–3, 42 Fed. Reg. 18734 (Apr. 8, 1977) ["PTE 77–3"]; (2) the statute of limitations/repose bars recovery; and (3) a lower prejudgment interest rate, pursuant to 28 U.S.C. § 1961, should be applied. The rate of return issue was resolved above, and the statute of limitation/repose issue was explicitly resolved in the Court's Order of April 5, 2016. Additionally, City National, in footnote 7 in its memorandum of points and authorities in

support of its motion for partial summary judgment as to damages, nebulously refers to "other affirmative defenses[ ] the Court has not yet addressed." It is unclear which, if any, other affirmative defenses City National was referring to in the footnote, and no arguments were made in support of those unspecified affirmative defenses. Accordingly, only the first affirmative defense above remains.

City National asserts that, pursuant to PTE 77–3, 42 Fed. Reg. 18734 (Apr. 8, 1977), it "should not be *liable* for any revenue sharing from" funds exempt under PTE 77–3. (Emphasis added). The Court resolved all issues regarding liability in its April 5, 2016, Order. Consequently, this affirmative defense is barred by the law of the case doctrine; issues of liability, including whether PTE 77–3 shields City National from certain liability under ERISA, were decided "by necessary implication" in the April 5, 2016, Order. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

Accordingly,

It is **Ordered** that Plaintiff's motion for partial summary judgment as to damages be, and hereby is, **Granted**.

It is **Further Ordered** that Defendants' motion for partial summary judgment as to damages be, and hereby is, **Denied**.

It is **further Ordered** that Plaintiff's motion to strike declarations and exhibits submitted by City National in support of City National's motion for partial summary judgment as to damages be, and hereby is, **Denied** as moot.

It is **Further Ordered, Adjudged, and Decreed** that **Judgment** be, and hereby is, **Entered** in favor of Plaintiff Secretary of Labor Thomas E. Perez and against Defendants City National Corporation, City National Bank, City National Corporation Profit Sharing Plan, City National Securi-

ties, Inc., Richard L Bloch, Richard Byrd, Michael B Cahill, Christopher Carey, Kenneth Coleman, Kate Dwyer, Vernon Kozlen, Marianne Lamutt, Michael Nunnelee, Bruce Rosenblum, and Robert Tuttle in the amount of $7,367,382.13.